**REVERSE and RENDER; Opinion Filed March 6, 2020**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-19-01084-CV**

**IN THE INTEREST OF S.M.G., A MINOR CHILD**

**On Appeal from the 305th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. JC-18-00695-X**

## MEMORANDUM OPINION

Before Justices Myers, Osborne, and Nowell
Opinion by Justice Nowell

Father appeals from a decree terminating his parental rights over his daughter, S.M.G.[1] In a single issue, he argues the evidence is legally and factually insufficient to support the trial court's finding that termination is in the best interest of the child. The Texas Department of Family and Protective Services agrees the record does not support a finding that termination is in S.M.G.'s best interest. Because the evidence is legally insufficient to show termination of Father's parental rights is in S.M.G.'s best interests, we reverse the trial court's decree of termination to the extent it

---

[1] Father filed his notice of appeal on September 4, 2019. The appeal was delayed because the Court questioned its jurisdiction and then abated the appeal so the trial court could appoint new appellate counsel for Father. Father's counsel filed his brief on February 18, 2020, and the Department filed its brief on March 4, 2020.

terminates Father's parental rights to S.M.G. and render judgment denying the Department's request to terminate Father's parental rights to S.M.G.

At the time the trial court conducted the prove-up hearing, S.M.G. had been living with her paternal grandmother for approximately nine months; the grandmother wanted to adopt S.M.G. The caseworker who testified at the hearing stated S.M.G.'s parents wanted S.M.G. to remain with her grandmother. The caseworker believed termination of parental rights was in S.M.G.'s best interest. S.M.G.'s guardian ad litem also believed termination was in the child's best interest. In the decree of termination, the trial court found by clear and convincing evidence that termination was in S.M.G.'s best interest.

A trial court may terminate a parent's rights if it finds by clear and convincing evidence (i) one or more predicate acts or omissions defined in Family Code § 161.001(b)(1)(A)–(U)[2] and (ii) that termination is in the child's best interest. TEX. FAM. CODE § 161.001(b). "Clear and convincing evidence" is the measure or degree of proof that will produce in the factfinder's mind a firm belief or conviction as to the truth of the matter to be proved. *Id.* § 101.007.

Our standards of review reflect the elevated standard of proof. *In re N.T.*, 474 S.W.3d 465, 475 (Tex. App.—Dallas 2015, no pet.). In both legal and factual

---

[2] The trial court made a finding that Father committed an act prohibited by section 161.001(b)(1); Father does not challenge this finding on appeal.

sufficiency review, we consider all the evidence and defer to the factfinder's determinations as to witness credibility. *Id.*

In a legal sufficiency review, we credit evidence that supports the verdict if a reasonable factfinder could have done so, and we disregard contrary evidence unless a reasonable factfinder could not have done so. *In re K.M.L.*, 443 S.W.3d 101, 112 (Tex. 2014). However, we do not disregard undisputed facts that do not support the verdict, because doing so could skew the analysis of whether there is clear and convincing evidence. *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). Under the clear and convincing evidence standard, "even evidence that does more than raise surmise and suspicion will not suffice unless that evidence is capable of producing a firm belief or conviction that the allegation is true." *In re K.M.L.*, 443 S.W.3d at 113. If no reasonable factfinder could form a firm belief or conviction that the matter to be proven is true, the evidence is legally insufficient. *Id.*

In a factual sufficiency review, we likewise determine whether the factfinder could reasonably form a firm belief or conviction about the truth of the State's allegations. *In re A.B.*, 437 S.W.3d 498, 502 (Tex. 2014). "If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient." *Id.* at 503. We must undertake an exacting review of the entire record with a healthy regard for the constitutional interests at stake. *Id.* However, our review "must not

–3–

be so rigorous that the only factfindings that could withstand review are those established beyond a reasonable doubt." *In re C.H.*, 89 S.W.3d 17, 26 (Tex. 2002).

Although there is a strong presumption that maintaining the parent–child relationship serves the child's best interest, there is also a presumption that promptly and permanently placing the child in a safe environment is in the child's best interest. *In re D.W.*, 445 S.W.3d 913, 925 (Tex. App.—Dallas 2014, pet. denied). The supreme court has identified a nonexclusive list of factors that may be relevant to a best-interest determination, depending on the facts: (i) the child's desires, (ii) the child's current and future emotional and physical needs, (iii) current and future emotional and physical dangers to the child, (iv) the parental abilities of those seeking custody, (v) the programs available to help those individuals promote the child's best interest, (vi) those individuals' plans for the child, (vii) the home's or proposed placement's stability, (viii) the parent's acts or omissions indicating that the existing parent–child relationship is not a proper one, and (ix) any excuse for the parent's acts or omissions. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). An absence of evidence of some *Holley* factors does not preclude a finding that termination is in the child's best interest, particularly if undisputed evidence shows that the parental relationship endangered the child's safety. *In re N.T.*, 474 S.W.3d at 477. On the other hand, paltry evidence relevant to each *Holley* factor does not suffice to support a finding that termination is in the child's best interest. *See In re C.E.K.*, 214 S.W.3d 492, 498 (Tex. App.—Dallas 2006, no pet.).

The Family Code also identifies several additional factors relevant to a best interest analysis. TEX. FAM. CODE § 263.307(a), (b). These include (i) whether there is a history of abusive or assaultive conduct by the child's family, (ii) whether there is a history of substance abuse by the child's family, (iii) whether the family is willing and able to seek and complete counseling services, (iv) the parent's willingness and ability to effect positive personal changes within a reasonable period of time, and (v) whether an adequate social support system consisting of extended family and friends is available to the child. *Id*. § 263.307(b)(7), (8), (10), (11), (13).

The Department concedes that none of the *Holley* or statutory factors were directly addressed in the underlying record; as a result, the evidence is legally and factually insufficient to show termination was in S.M.G.'s best interest. Having reviewed the record, we agree. Therefore, we reverse the trial court's decree of termination to the extent it terminates Father's parental rights to S.M.G. and render judgment denying the Department's request to terminate Father's parental rights to S.M.G.

/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE

191084F.P05

–5–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF S.M.G., A
MINOR CHILD,

No. 05-19-01084-CV

On Appeal from the 305th Judicial
District Court, Dallas County, Texas
Trial Court Cause No.
JC-18-00695-X.
Opinion delivered by Justice Nowell.
Justices Myers and Osborne
participating.

In accordance with this Court's opinion of this date, the trial court's Decree
of Termination is **REVERSED** as to the termination of Martin Gustavo Gomez,
Jr.'s parental rights to his daughter, S.M.G., and judgment is **RENDERED**
denying the Texas Department of Family and Protective Services's request to
terminate Martin Gustavo Gomez, Jr.'s parental rights to S.M.G.

Judgment entered this 6th day of March, 2020.